PERI & STEWART, LLC
Michael T. Stewart, Esq. (7294)
Fairfield Commons
271 Route 46 West, Unit C201
Fairfield, NJ 07004
Tel:  973-521-7426
Fax: 973-521-7854
Email:mstewart@peristewart.com
Attorneys for Plaintiff, Paul McKinney

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL McKINNEY,<br><br>                Plaintiff,<br><br>v.<br><br>UNION CITY MEDICAL SUPPLY INC. (Union City), a/k/a BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA, MALLORY GARCIA, JOHN DOES 1-10, JANE DOES 1-10, whose names are fictitious,<br><br>                Defendants. | CIVIL NO.<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, PAUL MCKINNEY, by way of complaint against the Defendants, UNION CITY MEDICAL SUPPLY INC., a/k/a BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA and MALLORY GARCIA, JOHN DOES 1-10 and JANE DOES 1-10, respectfully states as follows:

### PARTIES

1.  Plaintiff, Paul McKinney ("Plaintiff), is over 18 years old and has been a resident of Passaic County, New Jersey, at all times relevant to the allegations contained in the

Complaint. He currently resides at 55 Jackson Avenue, Woodland Park, Passaic County, New Jersey 07424.

2.      Defendant, Union City Medical Supply, a/k/a Bio-Dynamics Technologies Inc. ("Union Medical"), is a New Jersey for-profit corporation that is authorized to conduct and actually conducts its for-profit business throughout the State of New Jersey, including Passaic and Hudson Counties, at all times relevant to the allegations contained in the Complaint, and it maintains its principal place of business at One Madison Street, Building A, East Rutherford, New Jersey 07073.

3.      Defendant, Felix Garcia ("Mr. Garcia"), is an owner of Union Medical and President of Union Medical at all times relevant to the allegations contained in the Complaint. Mr. Garcia ran Union Medical's day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages, including the failure to pay proper overtime and federal and state taxes on behalf of Plaintiff.

4.      Defendant, Martha Garcia ("Mrs. Garcia") is an owner of Union Medical and the wife of Felix Garcia, and at all times relevant to the allegations contained in the Complaint, supervised or oversaw Human Resources at Union Medical and in this position, supervised the Company's payroll, including the failure to pay proper overtime and federal and state taxes on behalf of Plaintiff.

5.      Defendant Mallory Garcia is an owner of Union Medical and the daughter of Mr. and Mrs. Garcia and a senior executive of Union Medical with direct supervision of the Company's New York office who gradually assumed greater control over Union Medical as time proceeded.

6. Defendant, John Does 1-10, are fictitious names, being intended to identify male individuals who are co-owners with Mr. Garcia and Mrs. Garcia of Union Medical and share joint and several liability for failure to properly pay Plaintiff for all overtime worked and for all relevant federal and state taxes.

7. Defendant, Jane Does 1-10, are fictitious names, being intended to identify female individuals who are co-owners with Mr. Garcia and Mrs. Garcia of Union Medical and share joint and several liability for failure to properly pay Plaintiff for all overtime worked and for all relevant federal and state taxes.

8. Defendant, Union City, Mr. Garcia, Mrs. Garcia and Mallory Garcia, were Plaintiff's direct employers, as the term "employer" is defined in N.J.S.A.. 34:11.56a, *et seq.*, (the "New Jersey Wage and Hour Law") and 29 U.S.C. §201, *et seq.* (the "FLSA"). Thus, all Defendants are employers of Plaintiff for purposes of this Complaint.

## NATURE OF ACTION

9. This action arises out of the unlawful and willful misclassification of payments made by Defendant, Union City which has resulted in Plaintiff not receiving required overtime compensation. Union City has also failed to properly withhold payroll and income taxes.

10. The Complaint seeks, *inter alia*, (a) payment to the Plaintiff of overtime compensation and all other relief due him under the FLSA (29 U.S.C. §201, *et seq.*), and New Jersey Wage and Hour Law, (N.J.S.A. 34-11-56a, *et seq.*); (b) injunctive relief requiring Defendants to pay on behalf of Plaintiff to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act ("FICA") compromised of both social security and Medicare taxes (up to 15.3%), federal

income tax not withheld, Federal Unemployment Tax Act ("FUTA") payments, as well as any penalties and interest; (c) injunctive relief requiring Defendants to pay on behalf of Plaintiff any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiff's wages, plus any interest and penalties; (d) liquidated and/or punitive damages; (e) attorneys' fees; (f) costs of suit; and (g) such other relief as this Court deems just and equitable under the circumstances.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. 201, *et seq*. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

12. Plaintiff's state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

14. Defendants, Mr. Garcia, Mrs. Garcia, Mallory Garcia, John Does 1-10 and Jane Does 1-10, own and operate Union Medical, a medical supply company which, *inter alia*, develops, manufactures and supplies medical equipment and devices.

15. Plaintiff was a non-exempt employee of Defendants.

16. Plaintiff worked for Defendants from May 1990 until October 2018.

17. In particular, since at least 2010, Plaintiff worked for Defendants as an orthotist, a maker and fitter of orthopaedic devices.

18. Defendants required that Plaintiff to travel to multiple locations outside of his home area for work.

19. Defendants paid Plaintiff an hourly rate of pay.

20. Defendants were required to pay Plaintiff in accordance with the FLSA and the New Jersey State Wage and Hour Law.

21. Defendants, knowingly, willfully and intentionally, failed to pay proper overtime wages to Plaintiff and violated the FLSA and the New Jersey State Wage and Hour Law.

22. Defendants, knowingly, willfully and intentionally, failed to properly maintain books and records related to wages paid to Plaintiff in violation of the FLSA and the New Jersey State Wage and Hour Law.

**HOW DEFENDANTS' WAGE THEFT SCHEME FUNCTIONED**

23. For at least the last ten (10) years, Plaintiff was paid the sum of $975.00 for his first 40 hours of work. He also received an additional fixed sum of $425.00 per week (the "Additional Sum") each week for a period of time. Subsequently, the Additional Sum rose to a fixed payment of $525.00 per week.

24. The Additional Sum should have been included within the calculation of Plaintiff's base hourly pay by Defendants, but was not. Had the Additional Sum been properly included by Defendants, the correct time and a half hourly rate for his work would have been $52.50 from 2010 to 2012, and rising to $56.25 in 2012 and thereafter. The hourly rate used by

Defendants to pay Plaintiff thus resulted in a shortfall ("Wage Theft") in an amount in excess of $100,000.00.

26. As a measure of the willful and intentional nature of the Defendants' wage theft, the Additional Sum was categorized by Defendants as a "1099" payment to an independent contractor (in the same time period in which Plaintiff was a "W-2" employee) and attributed by Defendants variously as:

 (a) "commissions" although Plaintiff did not have a commissioned sales role at any time during his employment; or

 (b) "expenses" although Plaintiff did not submit expenses to Defendants for reimbursement in the fixed amounts paid.

26. Additional damage was caused to Plaintiff by Defendants' scheme to underpay overtime to Plaintiff. By characterizing some payments as 1099 payments in the years 2010-2014, Defendants fraudulently failed to pay the required employer's taxes on Plaintiff's rightful compensation. This amounted to 7.65% (6.2% Social Security tax, 1.45 Medicare tax) in 2018. As a result, Plaintiff was forced to and did pay these taxes in an amount in excess of $6,000.00.

27. Further damage has been suffered by Plaintiff as a result of Defendants' failing to identify the full measure of the wages he earned on his annual W-2, Social Security contributions made on Plaintiffs behalf were significantly and materially reduced. As a proximate result of Defendants' conduct, payments of Social Security benefits to Plaintiff will be adversely affected.

28. As a proximate result of Defendants' failure to pay proper overtime, payment of additional taxes and fees, such as contributions to the New Jersey State

unemployment fund related to Plaintiff's true compensation, have been underpaid be Defendants since at least 2000.

## COUNT ONE

### Violation of New Jersey Wage and Hour Law

29. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 as if fully set forth at length herein.

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rates of pay for all hours that he worked over 40 hours in a given workweek during the term of his employment by Defendants.

31. Defendants, jointly and severally, concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned and to which he is entitled, and/or Defendants did so knowingly, recklessly and intentionally and misled Plaintiff to believe that Defendants were not required to pay an overtime rate for certain of his overtime hours worked, and/or.

32. Defendants violated the New Jersey Wage and Hour Law. As a proximate result of Defendants' conduct, Plaintiff has suffered damage.

33. Any and all conditions precedent to filing this lawsuit occurred and/or have been satisfied by Plaintiff.

34. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

35. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus other damages.

36. Because Defendants' knowingly, intentionally and willfully conduct was illegal and fraudulent, (a) punitive damages should be awarded in an amount to be determined;

and (b) Plaintiff is entitled to receive an award of legal fees and costs.

**WHEREFORE**, Plaintiff, PAUL McKINNEY, demands the entry of a judgment in his favor and against Defendants, UNION CITY MEDICAL SUPPLY, a/ka/ BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA and MALLORY GARCIA, jointly and severally, as follows:

   a.   Restitution of the underpayment of time and a half payment for uncompensated overtime hours in the period 2010 to 2018, together with liquidated damages in an equal amount;

   b.   Compensatory damages;

   c.   Punitive damages;

   d.   Interest;

   e.   Attorney fees, costs and expenses;

   f.   Injunctive relief requiring Defendants to pay on behalf of Plaintiff to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act ("FICA") compromised of both social security and Medicare taxes (up to 15.3%), federal income tax not withheld, Federal Unemployment Tax Act (FUTA) payments, as well as any penalties and interest, payment of any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiff's wages, plus any interest and penalties; and

   g.   Such other and further relief as the Court deems just, proper and equitable.

## COUNT TWO

### Violation of FLSA

37. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 as if fully set forth at length herein.

38. Defendants violated the FLSA.

39. As a proximate result of Defendants' conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, PAUL McKINNEY, demands the entry of a judgment in his favor and against Defendants, UNION CITY MEDICAL SUPPLY, a/ka/ BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA and MALLORY GARCIA, jointly and severally, as follows:

    a. Restitution of the underpayment of time and a half payment for uncompensated overtime hours in the period 2010 to 2018, together with liquidated damages on in an equal amount;

    b. Compensatory damages;

    c. Punitive damages;

    d. Interest;

    e. Attorney fees, costs and expenses;

    f. Injunctive relief requiring Defendants to pay on behalf of Plaintiff to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act ("FICA") compromised of both social security and Medicare taxes (up to 15.3%), federal income tax not withheld, Federal Unemployment Tax Act (FUTA) payments, as well as any penalties and interest, payment of any state income taxes, state disability insurance payments, state

unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiff's wages, plus any interest and penalties; and

g. Such other and further relief as the Court deems just, proper and equitable.

## COUNT THREE

### Failure to Maintain Records

40. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 39 as if fully set forth at length herein.

41. Under the FLSA and New Jersey Wage and Hour Law, Defendants are required to keep and maintain accurate records setting forth the total hours worked each day by Plaintiff for each workweek and other employment information.

42. Upon information and belief, Defendants have failed to maintain true, accurate and complete records containing this required information, including the total hours worked each day and each workweek by Plaintiff.

43. The aforementioned conduct by Defendants is in violation of *inter alia*, the FLSA and the New Jersey Wage and Hour Law, and is otherwise unlawful.

44. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, PAUL McKINNEY, demands the entry of a judgment in his favor and against Defendants, UNION CITY MEDICAL SUPPLY, a/k/a/ BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA and MALLORY GARCIA, jointly and severally, as follows:

a. Compensatory damages;

        b.        Punitive damages;

        c.        Liquidated damages;

        d.        Attorney fees, costs and expenses;

        e.        Interest;

        f.        Injunctive relief requiring Defendants to keep and maintain true, accurate and complete records as required by the FLSA and NEW JERSEY WAGE AND HOUR LAW; and

        h.        Such other and further relief as the Court deems just, proper and equitable.

## COUNT FOUR

### Unjust Enrichment

45. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 44 as if fully set forth at length herein.

46. Should Employers not pay Plaintiff his overtime compensation and other benefits and perquisites of employment, Employers will be unjustly enriched to Plaintiff's substantial detriment.

47. As a proximate result of Defendants' conduct, Plaintiff has suffered damage.

**WHEREFORE**, Plaintiff, PAUL McKINNEY, demands the entry of a judgment in his favor and against Defendants, UNION CITY MEDICAL SUPPLY, a/ka/ BIO-DYNAMICS TECHNOLOGIES INC., FELIX GARCIA, MARTHA GARCIA and MALLORY GARCIA, jointly and severally, as follows:

        a.        Compensatory damages;

        b.        Punitive damages;

  c. Attorney fees, costs and expenses;

  d. Restitution;

  e. Injunctive relief requiring Defendants to pay on behalf of Plaintiff to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act ("FICA") compromised of both social security and Medicare taxes (up to 15.3%), federal income tax not withheld, Federal Unemployment Tax Act (FUTA) payments, as well as any penalties and interest, payment of any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiff's wages, plus any interest and penalties; and

  f. Such other and further relief as the Court deems just, proper and equitable.

                PERI & STEWART, LLC
                Attorneys for Plaintiff, Paul McKinney

Dated: March 22, 2019        By: _____
                   Michael T. Stewart, Esq.

## JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

                PERI & STEWART, LLC
                Attorney for Plaintiff, Paul McKinney

                By: _____
                   Michael Stewart, Esq.,

Dated: March 22, 2019