UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL McKINNEY,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION CITY MEDICAL SUPPLY INC. (Union City), a/k/a/ BIO-DYNAMICS TECHNOLOGIES, INC., FELIX GARCIA, MARTHA GARCIA, MALLORY GARCIA, JOHN DOES 1-10, JANE DOES 1-10, whose names are fictitious,<br><br>    Defendants. | Civil Action No. 2:19-cv-08864-SRC-CLW<br><br><u>Civil Action</u><br><br>Oral argument requested. |

---

**BRIEF OF DEFENDANTS IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

---

**CULLEN AND DYKMAN LLP**
Continental Plaza
433 Hackensack Avenue
Hackensack, New Jersey 07601
(201) 488-1300
abocchi@cullenanddykman.com
Attorneys for Defendants

**ANTHONY S. BOCCHI, ESQ.**
**Of Counsel and On the Brief**

**STEVEN SIEGEL, ESQ.**
**On the Brief**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................ 1

**STATEMENT OF FACTS** .................................................................................... 3

**LEGAL ARGUMENT** .......................................................................................... 3

  **POINT I** ............................................................................................................ 3

      PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT (FLSA) AND THE NEW JERSEY WAGE AND HOUR LAW (NJWHL) BECAUSE: (1) AS A MATTER OF LAW THE FLSA'S AND NJWHL'S OVERTIME PROVISIONS DO NOT APPLY TO "LEARNED PROFESSIONALS"; (2) HERE, IT IS UNDISPUTED THAT PLAINTIFF IS A LICENSED ORTHOTIST AND WAS EMPLOYED BY DEFENDANTS IN THAT CAPACITY; AND (3) THE PRACTICE OF ORTHOTICS IS A "LEARNED PROFESSION" UNDER THE FLSA AND NJWHL

      A. Scope of the "learned professional" exemption under the FLSA ........................ 3

      B. The scope of the "learned professional" exemption under the NJWHL is identical to the scope of the "learned professional" exemption under the FLSA ............................................................................................................ 5

      C. Overview of New Jersey law governing the licensure and the course of study required to practice orthotics in this State ........................................................ 6

      D. In light of the rigorous academic and professional requirements that are conditions precedent to the practice of orthotics in this State, the employment of an orthotist is subject to the "learned professional" exemption under the FLSA and NJWHL ................................................................ 9

**CONCLUSION** ................................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*Pignataro v. Port Authority of New York & New Jersey,*
  593 F.3d 265 (3d Cir. 2010) ................................................................................. 5, 9, 10

*Gusdonovich v. Business Information Co.,* 705 F. Supp. 262 (W.D. Pa. 1985) ............................ 10

## Statutes

29 U.S.C. § 207(a) ..................................................................................................................... 5

29 U.S.C. § 213(a)(1) ................................................................................................................ 3

29 U.S.C. § 207(a)(1) ............................................................................................................ 1, 3

N.J.S.A. 34:11-56a4 .............................................................................................................. 1, 3

N.J.S.A. 34:11-56a4(b) ............................................................................................................. 5

N.J.S.A. 45:12b-1 ..................................................................................................................... 8

N.J.S.A. 45:12B-2 ............................................................................................................ 6, 8, 9

N.J.S.A. 45:12B-11 ................................................................................................................... 8

N.J.S.A. 45:12B-11a ........................................................................................................... 9, 10

## Administrative regulations

29 C.F.R. § 541.3 ..................................................................................................................... 4

29 C.F.R. § 541.3 ..................................................................................................................... 3

29 C.F.R. § 541.301 ................................................................................................................. 3

29 C.F.R. § 541.3(a)(1) ............................................................................................................ 9

29 C.F.R. § 541.3(e)(1) .......................................................................................................... 10

29 C.F.R. § 541.300 ................................................................................................................. 4

29 C.F.R. § 541.301(b) ............................................................................................................ 4

29 C.F.R. § 541.301(c) ............................................................................................................. 4

29 C.F.R. § 541.301(d) ...................................................................................................................4

29 C.F.R. § 541.301(e)(1) ............................................................................................................4, 5

29 CFR § 541 ..................................................................................................................................6

N.J.A.C. 12:46-7.1 ..........................................................................................................................5

N.J.A.C. 12:46-7.2 ..........................................................................................................................5

N.J.A.C. 13:44H-2.1 .....................................................................................................................11

## Court Rules

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1, 2, 3, 11

## **PRELIMINARY STATEMENT**

This is a motion to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The following facts are set forth on the face of the Complaint: (1) Plaintiff was an employee of Defendants up through October 2018 (Complaint, ¶¶15-16); (2) Plaintiff "worked for Defendants as an orthotist, a maker and fitter orthopedic devices," (Complaint, ¶ 17); and (3) Plaintiff contends that he is entitled to the payment of overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (hereafter "FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4 (hereafter "NJWHL").

As fully set forth herein, Plaintiff fails to state a claim for overtime under the FLSA and the NJWHL. The reason is simple: Both the FLSA and the NJWHL contain an exemption from the overtime requirement that applies to any employee who work in a "professional capacity." This is commonly referred to as the "learned professional" exemption. By regulation, the "learned professional" exemption applies to "[w]ork requiring knowledge of an advance[d] type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study."

Here, as previously noted, Plaintiff – in his Complaint – states that he "worked for Defendants as an orthotist, a maker and fitter orthopedic devices." Complaint, ¶ 17. An orthotist is a practitioner of orthotics, which is defined as "a branch of mechanical and medical science that deals with the design and fitting of orthotics." https://www.merriam-webster.com/dictionary/orthotics. Crucially, under New Jersey law, an orthotist is a licensed professional. In order to qualify to be a licensed orthotist in New Jersey, an individual is required to complete a four-year baccalaureate program and a one-year clinical internship in the practice of orthotics. An individual also is required to pass written and oral examinations as a condition

1

precedent to licensure. Hence, a licensed orthotist is unquestionably within the scope of the FLSA and NJWHL exemption for "learned professionals."

Because Plaintiff is a "learned professional" within the meaning of the FLSA and the NJWHL, Defendants, as the employer, are exempt from the payment of overtime wages to him. Hence, Plaintiff's Complaint is based on a legally unsustainable premise – that Defendants were required under law to pay overtime wages to him. Because, as a matter of law, Defendants were not required to pay overtime wages to Plaintiff, the Complaint fails to state a claim under Fed. R. Civ. Pro. 12(b)(6). Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

The facts pertinent to this motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) are set forth in Plaintiff's Complaint  The following facts set forth on the face of the Complaint are relevant to this motion to dismiss:  (1) Plaintiff was an employee of Defendants up through October 2018 (Complaint, ¶¶15-16); (2) Plaintiff "worked for Defendants as an orthotist, a maker and fitter orthopedic devices," (Complaint, ¶ 17); and (3) Plaintiff contends that he is entitled to the payment of overtime wages under the Fair Labor Standards Act,  29 U.S.C. § 207(a)(1) and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT (FLSA) AND THE NEW JERSEY WAGE AND HOUR LAW (NJWHL) BECAUSE: (1) AS A MATTER OF LAW THE FLSA'S AND NJWHL'S OVERTIME PROVISIONS DO NOT APPLY TO "LEARNED PROFESSIONALS"; (2) HERE, IT IS UNDISPUTED THAT PLAINTIFF IS A LICENSED ORTHOTIST AND WAS EMPLOYED BY DEFENDANTS IN THAT CAPACITY; AND (3) THE PRACTICE OF ORTHOTICS IS A "LEARNED PROFESSION" UNDER THE FLSA AND NJWHL**

The Fair Labor Standards Act (FLSA) mandates that if an employee works more than forty hours per week, he or she must be compensated for overtime hours at a rate at least one-and-one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1). Employees who work in a "professional capacity," however, are exempt from this rule. 29 U.S.C. § 213(a)(1).

**A. Scope of the "learned professional" exemption under the FLSA**

The exemption from the FLSA encompasses employees who are determined to be members of the "learned" professions, as defined by 29 C.F.R. §§ 541.3 and 541.301. An

3

employee's status as a "learned professional" is determined by his or her duties and salary.[1] 29 C.F.R. § 541.3. In order to qualify as a "learned professional" an employee's primary duties must consist of:

> [w]ork requiring knowledge of an advance[d] type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes.

[29 C.F.R. § 541.3(a)(1); *see also* 29 C.F.R. § 541.301(a)].

Advanced knowledge is knowledge "which cannot be attained at the high school level," 29 C.F.R. § 541.301(b), and which has been obtained through "prolonged study." 29 C.F.R. § 541.300. The learned professional exemption is available for professions where, in the "vast majority of cases," the employee is required to have "specific academic training." 29 C.F.R. § 541.301(d). The exemption does not apply to occupations in which "the bulk of the employees have acquired their skill by experience." *Id.* An "advanced academic degree is a standard (if not universal) prequisite [sic]" and is, in fact, "the best prima facie evidence of [professional training]." 29 C.F.R. § 541.301(e)(1). The requirement that the employee's knowledge be from a field of science or learning "serves to distinguish the professions from the mechanical arts where in some instances the knowledge is of a fairly advanced type, but not in a field of science or learning." 29 C.F.R. § 541.301(c). Examples of professions included in the "learned professional" exemption are the fields of "law, medicine, nursing, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical, and

---

[1] It is undisputed that Plaintiff's salary is well above the minimum salary for an employee subject to the "learned professional" exemption. By U.S. Department of Labor regulation, the minimum salary for an employee subject to the "learned professional" exemption is $455 per week. See 29 C.F.R. § 541.3(a)(1). Here, Plaintiff, by his Complaint, states that he received a weekly base salary of $975 per week. *See* Pl. Complaint, ¶ 23. Hence, it is undisputed that Plaintiff's salary is nearly double the minimum salary applicable to the "learned professional" exemption.

biological sciences, including pharmacy." 29 C.F.R. § 541.301(e)(1). This listing of learned professions is merely illustrative and is not exhaustive.

As explained by the Third Circuit:

> Although a college or other specific degree may not be *per se* required to qualify as a "learned professional," it is clear that employees must possess knowledge and skill "which cannot be attained at the high school level" and which has been obtained through "prolonged study." 29 C.F.R. §§ 541.301(b); 541.300. Furthermore, some type of academic degree is required, as opposed to skill acquired through experience. 29 C.F.R. § 541.301(e)(1).
>
> [*Pignataro v. Port Authority of New York & New Jersey*, 593 F.3d 265, 269 (3d Cir. 2010)]

Thus, as the Third Circuit had made clear, knowledge and skill obtained through "prolonged [academic] study" beyond high school is the *sine qua non* of a profession that qualifies for the "learned professional" exemption. *See id.*

### B. The scope of the "learned professional" exemption under the NJWHL is identical to the scope of the "learned professional" exemption under the FLSA

The NJWHL contains a mandatory overtime pay provision that parallels the FLSA's mandatory overtime provision: *i.e.*, a requirement that the employer pay a wage rate of time-and-one-half to a covered employee once the covered employee works in excess of 40 hours per week. *Compare* N.J.S.A. 34:11-56a4(b) with 29 U.S.C. § 207(a). By regulation, New Jersey has exempted "bona fide ... professional" employees from the payment of mandatory overtime. N.J.A.C. 12:46-7.1. Furthermore, New Jersey, by regulation, has incorporated by reference the Federal definition of the "learned professional" exemption. *See* N.J.A.C. 12:46-7.2 (defining the scope of the professional exemption from mandatory overtime under New Jersey law and

providing that "the provisions of 29 CFR Part 541 are adopted herein by reference").[2]

Hence, the scope of the "learned professional" exemption under the NJWHL is identical to the scope of the "learned professional" exemption under the FLSA.

### C. Overview of New Jersey law governing the licensure and the course of study required to practice orthotics in this State

As previously noted, Plaintiff – in his Complaint – states that he "worked for Defendants as an orthotist, a maker and fitter orthopedic devices." Complaint, ¶ 17. An orthotist is a practitioner of orthotics, which is defined as "a branch of mechanical and medical science that deals with the design and fitting of orthotics." https://www.merriam-webster.com/dictionary/orthotics.

We turn to address New Jersey law governing the licensure and the course of study required to practice orthotics in this State. As a threshold matter, under New Jersey law, all individuals who practice orthotics are required to be licensed. *See* N.J.S.A. 45:12B-2.

The following are the statutory qualifications for a license to practice orthotics in New Jersey:

> To be eligible for a license to practice orthotics or prosthetics in this State, an individual shall:
>
> a. (1) Possess a bachelor's degree or its equivalent from a college or university accredited by a regional or national accrediting agency recognized by the United States Secretary of Education;
>
> (2) Complete a clinical internship in the professional area for which a license is sought of not less than 1900 hours under the supervision of a licensed orthotist or prosthetist, as the case may be; and

---

[2] N.J.A.C. 12:46-7.2 contains certain enumerated exceptions to its incorporation-by-reference of the Federal definition of the "learned profession" exemption. The enumerated exceptions – which pertain to government employees and certain sales employees – are not relevant here.

6

> > (3) Pass all written, practical and oral examinations, which shall be approved and required by the board and which shall be administered at least once each year;…
>
> > b. Meet the following requirements within five years after the date procedures are established by the board for applying for licensure:[3]

---

[3] Subsection b of N.J.S.A. 45:12B-11 is an alternate pathway to licensure as an orthotist. Under this alternate pathway, an individual could qualify for the license with an associates degree – rather than a bachelors degree – provided that the associates degree included "satisfactory completion of course work in biology, anatomy and physiology, physics and chemistry." N.J.S.A. 45:12B-11b.

Note, however, that this alternate pathway to licensure was a "grandfathering" provision that was only available for a five-year period following the 1999 amendment to the Licensing Act. *See* L. 1999, c. 115 (codified at N.J.S.A. 45:12B-11) (providing that this pathway to licensure is available only "within five years after the date procedures are established by the board for applying for licensure.") This alternate pathway to licensure is no longer available. The legislative intent underlying this temporary alternate pathway to licensure is set forth at length in the Governor's Conditional Veto Message contained in the legislative history of the 1999 Act:

> I understand that there is a perceived shortage of orthotists and prosthetists in the State of New Jersey. I commend the efforts of the sponsors to address such a shortage by providing an alternative pathway for licensure for practitioners who do not hold a bachelor's degree but who do hold an associate's degree in science, complete a clinical practice and pass an examination developed by the Orthotics and Prosthetics Board of Examiners.
>
> While I appreciate the need to open the profession to provide consumer choice and increased patient coverage, I also appreciate the importance of setting high standards for professional licensure to protect consumers. **Therefore, I recommend that the alternative pathway for licensure for those with associate's degrees be limited to a five year period. Upon expiration of the five-year period, I recommend that a bachelor's degree be required for licensure, which is consistent with the current licensure statute.**
>
> [Governor's Conditional Veto Message to Assembly Bill No. 415 – L. 1999, c. 115 (emphasis added) (Note: This Veto Message is reprinted in the print and electronic version of New Jersey Statutes Annotated published by West]

The bill was thereafter amended to reflect the Governor's recommendation and the amended version of the bill was enacted. *See* L. 1999, c. 115 (N.J.S.A. 45:12B-11). The amendment limited the availability of the alternate pathway for a five-year period following the enactment of the 1999 amendment. Thus, N.J.S.A. 45:12B-11b – the alternate pathway to licensure that permits an individual to qualify for licensure with only an associates degree – is no longer available and applicable. Presently, the only pathway to licensure is to complete a four-year

7

>	(1) Complete a clinical practice in the professional area for which a license is sought of not less than 1900 hours under the supervision of a licensed orthotist or prosthetist, as the case may be;
>
>	(2) Pass all written, practical and oral examinations, which shall be approved and required by the board and which shall be administered at least once each year; and
>
>	(3) Possess an associate's degree in science from a college or university accredited by a regional or national accrediting agency recognized by the United States Secretary of Education with satisfactory completion of course work in biology, anatomy and physiology, physics and chemistry.
>
> [N.J.S.A. 45:12B-11]

Also relevant to this analysis are the New Jersey Legislature's findings and declarations in connection with its enactment of the New Jersey Orthotist and Prosthetist Licensing Act. *See* L. 1991, c. 512, as amended by L. 1999, c. 115 (codified at N.J.S.A. 45:12b-1 to -26) (hereafter "Licensing Act"). In enacting the Licensing Act, the New Jersey Legislature made the following findings:

>	a. The practice of orthotics and prosthetics may, if unregulated, seriously harm or endanger the health, safety, and well-being of the citizens of this State;
>
>	b. Citizens of this State need, and will benefit from, an assurance of initial and ongoing professional competence among orthotists and prosthetists practicing in this State;
>
>	c. The present unregulated system for dispensing orthotic and prosthetic care does not adequately meet the needs or serve the interests of the public; and
>
>	d. It is necessary for this State to regulate and license the practice of orthotics and prosthetics for the purpose of protecting the citizens of this State from injury or harm caused by ill-prepared, incompetent, unscrupulous, or unauthorized practitioners and to assure the highest degree of professional conduct on the part of orthotists and prosthetists practicing in this State.
>
> [N.J.S.A. 45:12B-2]

---

baccalaureate program and a one-year clinical internship and is required to pass written and oral examinations. *See* N.J.S.A. 45:12B-11a.

8

Thus, the New Jersey Legislature's purpose in enacting the Licensing Act was "to assure the highest degree of professional conduct on the part of orthotists... practicing in this State." *Ibid.*

**D. In light of the rigorous academic and professional requirements that are conditions precedent to the practice of orthotics in this State, the employment of an orthotist is subject to the "learned professional" exemption under the FLSA and NJWHL**

As previously noted, the "learned professional" exemption applies to [w]ork requiring knowledge of an advance[d] type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study." 29 C.F.R. § 541.3(a)(1). Unquestionably, the licensed profession of orthotist satisfies this standard, in light of the fact that an individual practicing orthotics is required to complete a four-year baccalaureate program and a one-year clinical internship and is required to pass written and oral examinations. *See* N.J.S.A. 45:12B-11a.[4]

The U.S. Department of Labor (DOL) regulations defining the scope of the "learned profession" exemption sets forth examples of professions that qualify for the exemption. These examples are non-exclusive and non-exhaustive of the professions that actually or potentially qualify for the learned professions exemption.[5] Under the DOL regulations, among the examples

---

[4] As previously noted, N.J.S.A. 45:12B-11a provided an alternate pathway to licensure. Under this alternate pathway, an individual could qualify for the license with an associates degree – rather than a bachelors degree – provided that the associates degree included "satisfactory completion of course work in biology, anatomy and physiology, physics and chemistry." N.J.S.A. 45:12B-11b. However, as more fully described in note 3, *supra*, that less stringent alternate pathway to licensure was only in effect for five years after the enactment of the 1999 amendment to the Licensing Act and is no longer available.

[5] That the DOL's examples of occupations that qualify for the "learned profession" exemption are not exhaustive or exclusive is established by the abundant case law that addresses whether a particular occupation is, or is not, subject to the learned profession exemption under the FLSA. For example, in *Pignataro v. Port Authority of New York & New Jersey*, 593 F.3d 265 (3d Cir. 2010), the Third Circuit held that a licensed helicopter pilot was not subject to a learned profession exemption under the FLSA. *Id* at 273. The Third Circuit so held because "helicopter

9

of professions that qualify for the exemption are: (1) registered or certified medical technologists; (2) registered nurses; (3) dental hygienists; and (4) physician assistants. *See* 29 C.F.R. § 541.3(e)(1) - (e)(4). As the text of the DOL regulations makes clear, what these professions have in common is that they all require at least four postsecondary years of academic study. *See id* (setting forth the academic requirements of the enumerated professions deemed subject to the learned professional exemption).

As discussed above, a New Jersey licensed orthotist *also* must complete four postsecondary years of academic study as a condition of licensure. *See* N.J.S.A. 45:12B-11a. Furthermore, a New Jersey licensed orthotist must complete a one-year clinical internship as a condition of licensure. *See id.* For this reason alone, a New Jersey licensed orthotist is subject to the learned professional exemption.

Moreover, as the Third Circuit has observed, "[a]lthough a college or other specific degree may not be *per se* required to qualify as a 'learned professional,' it is clear that employees must possess knowledge and skill 'which cannot be attained at the high school level' and which has been obtained through **'prolonged study [through] ... some type of academic degree.**" *Pignataro v. Port Authority of New York & New Jersey*, 593 F.3d 265, 269 (3d Cir. 2010) (quoting 29 C.F.R. §§ 541.301(b); 541.300) (emphasis added). Measured by this standard, an orthotist unquestionably satisfies the "learned professional" exemption, in light of the fact that four years of required postsecondary study followed by a one-year clinical internship plainly constitutes "prolonged study."

---

pilots are not required to have academic degrees" and "are not required to spend a significant amount of time in the classroom." *Id.* at 270. *See also Gusdonovich v. Business Information Co.*, 705 F. Supp. 262 (W.D. Pa. 1985) (holding that insurance claims investigator was not subject to the learned profession exemption under the FLSA because position of investigator required no specialized instruction or study).

10

Finally, it is highly significant that New Jersey defines the scope of practice of a licensed orthotist as "*patient evaluation* for orthotic appliances or orthoses… for the correction or alleviation of musculoskeletal diseases, injuries, or deformities" and "*the development and implementation of an orthotic treatment plan* that includes the measuring, designing, constructing, assembling, fitting, adjusting, and servicing of orthotic appliances or orthoses." N.J.A.C. 13:44H-2.1 (emphasis added). Thus, under New Jersey law, an individual under the care of an orthotist is termed a "patient." An orthotist "evaluates" the patient and "develops a treatment plan." *Ibid.* The foregoing terminology – and the high level of professional responsibility entrusted to an orthotist – further buttress the conclusion that an orthotist is a highly skilled health care professional who is subject to rigorous academic and professional standards.

In short, in light of the rigorous academic and professional requirements that are conditions precedent to the practice of orthotics in this State, the employment of an orthotist is unquestionably subject to the "learned professional" exemption under the FLSA and NJWHL. In turn, because Plaintiff's Complaint is premised entirely on alleged entitlement to overtime pay under the FLSA and NJWHL, Plaintiff has failed to state a cognizable claim. Consequently, Plaintiff's Complaint is properly dismissed with prejudice. *See* Fed. R. Civ. Pro. 12(b)(6).

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim for overtime payment under the Fair Labor Standards Act and the New Jersey Wage and Hour Law. Accordingly, Plaintiff's Complaint – premised entirely on alleged entitlement to overtime pay under the FLSA and the NJWHL -- should be dismissed with prejudice.

>           CULLEN AND DYKMAN LLP
>           Attorneys for Defendants
>
>
>           By: */s/ Anthony S. Bocchi*
>               Anthony S. Bocchi, Esq. (1629)

Dated: April 26, 2019