NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL McKINNEY, | : | |
| Plaintiff, | : | |
| | : | **Civil Action No. 19-8864 (SRC)** |
| v. | : | |
| | : | **OPINION** |
| UNION CITY MEDICAL SUPPLY, INC. | : | |
| (Union City), a/k/a BIO-DYNAMICS | : | |
| TECHNOLOGIES, INC., FELIX GARCIA, | : | |
| MARTHA GARCIA, MALLORY GARCIA, | : | |
| JOHN DOES 1-10, JANE DOES 1-10, | : | |
| whose names are fictitious, | : | |
| | : | |
| Defendants. | : | |

**CHESLER,** District Judge

This matter comes before the Court upon the filing by Defendants, Union City Medical Supply, Inc., a/k/a Bio-Dynamics Technologies, Inc. ("Union City"), Felix Garcia, Martha Garcia, and Mallory Garcia (collectively, "Defendants"), on a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Paul McKinney ("Plaintiff") opposes this motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss will be denied.

I. **FACTUAL BACKGROUND**

Plaintiff is a former employee of Defendant Union City, where he worked from May 1990 until October 2018. See ECF No. 1 (Compl.) ¶ 16. Union City is a New Jersey is a for-profit corporation owned by Felix Garcia, his wife, Martha Garcia, and their daughter, Mallory Garcia, that maintains its principal place of business in East Rutherford, New Jersey. Id. ¶¶ 2-5.

1

Since at least sometime in 2010,[1] Plaintiff was employed by Union City as "an orthotist, a maker and fitter of orthopaedic devices." ECF No. 1 (Compl.) ¶ 17.

Plaintiff filed his four-count Complaint on March 22, 2019. ECF No. 1. He sets forth the following four causes of action, all relating to Defendants' alleged failure to pay him proper overtime wages during the course of his employment: (1) violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, et seq.; (2) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; (3) failure to maintain records as required by the NJWHL and the FLSA; and (4) unjust enrichment. See ECF No. 1 (Compl.).

Defendants now move to dismiss Plaintiff's Complaint, arguing that Plaintiff's NJWHL and FLSA claims must fail because Plaintiff falls within the learned professional exemption to the FLSA (29 C.F.R. § 541.301) and the NJWHL (N.J.A.C. 12:56-7.2), whose provisions are essentially identical.[2]

## II.   LEGAL STANDARD

Defendants move for dismissal of the entire Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The moving party bears the burden of showing that no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

---

[1] The Court notes that the Complaint does not specify what Plaintiff's role at Union City consisted of prior to 2010, nor does it specify exactly when Plaintiff began to work as an orthotist. However, in a declaration attached to his opposition papers, Plaintiff stated that beginning in 1990, he "served as the 'IT guy'" and "did some inventory work" for Union City. ECF No. 6-1 (McKinney Decl.) ¶ 5. Plaintiff further averred this continued until sometime in 1997, when he began to do "custom bracing work," i.e. orthotics. Id. ¶ 12. Thus, while it is unclear exactly when Plaintiff began to work as an orthotist, it is undisputed that in 2010, Plaintiff was indeed working as an orthotist for Union City.

[2] N.J.A.C. 12:56-7.2, titled "[d]efining and delimiting the exemptions from overtime for executive, administrative, professional, and outside sales employees," provides in part (a) that "[e]xcept as set forth in (b) below, the provisions of 29 CFR Part 541 are adopted herein by reference."

2

In reviewing a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that, to withstand a motion to dismiss, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Phillips v. County of Allegheny, 515 F. 3d 224, 231 (3d Cir. 2008). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)). Moreover, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79; see also Fowler, 578 F.3d at 210-11 (holding that a court reviewing a complaint on a Rule 12(b)(6) motion need not accept a "legal conclusion couched as a factual allegation."). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents, and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003). The Third Circuit has additionally held that a Court may consider "any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In re

3

Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016) (quoting PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

### III. DISCUSSION

Construing the Complaint in the light most favorable to Plaintiff, as this Court must, the Court finds that Plaintiff sets forth a clear and plausible claim for relief. Defendants' arguments must fail at this juncture because Defendants assert an affirmative defense and, as such, they bear the burden of proof. Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010) ("Exemptions from the FLSA are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption.") (citation omitted). Plaintiff is under no legal obligation to plead any aspect of Defendants' affirmative defense. The Supreme Court has distinguished between pleading requirements, which a plaintiff must satisfy, and affirmative defenses, which a defendant must plead and prove. See, e.g., Jones v. Bock, 549 U.S. 199, 204 (2007). Moreover, the Third Circuit has held that "[o]n a Rule 12(b)(6) motion, an affirmative defense . . . is appropriately considered only if it presents *an insuperable barrier* to recovery by the plaintiff." Flight Sys. v. Electronic Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997) (emphasis added); see also, Snyder v. Dietz & Watson, Inc., 837 F.Supp.2d 428, 451-52 (D.N.J. 2011) ("The Court finds that resolution of the affirmative defense raised by Defendants is not appropriate on a motion to dismiss under Rule 12(b)(6)."). Such a defect must appear on the face of the pleading. Flight Sys., 112 F.3d at 127 (citation omitted). Here, however, it is not evident from the face of the Complaint that the learned professional exemption presents an insuperable barrier to any recovery by Plaintiff under the FLSA or NJWHL. To the contrary, what is clear is only that the inquiry into who is a learned professional, within the meaning of the regulation, is a fact-intensive inquiry:

> (a) To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty test includes three elements:
>> (1) The employee must perform work requiring advanced knowledge;
>> (2) The advanced knowledge must be in a field of science or learning; and
>> (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.
>
> (b) The phrase "work requiring advanced knowledge" means work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work. An employee who performs work requiring advanced knowledge generally uses the advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances. Advanced knowledge cannot be attained at the high school level.
>
> (c) The phrase "field of science or learning" includes the traditional professions of law, medicine, theology, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, pharmacy and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades where in some instances the knowledge is of a fairly advanced type, but is not in a field of science or learning.

29 C.F.R. § 541.301(a)-(c).

In sum, Defendants' arguments are essentially predicated upon the contention that because Plaintiff describes his job as that of an orthotist, this automatically means he falls within the learned professional exemption. However, this argument is based upon evidence which is totally extrinsic to the Complaint. See In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d at 133 ("a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider *only* the allegations contained in the pleading to determine its sufficiency."). While it is true that in deciding a 12(b)(6) motion a Court can refer to extrinsic material of which it is permitted to take judicial notice, or material specifically relied upon, referenced, incorporated, or adopted in the Complaint, the Court cannot go beyond these

specifically delineated limitations without converting the motion to dismiss to one for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Thus, while Defendants may quite properly refer to the New Jersey State regulations and statutes governing licensed orthotists, these statutes and regulations by themselves do not, and cannot, establish what Plaintiff actually did in the course of his employment with Defendants. Such a determination would in fact require a fact-intensive analysis that is not appropriate at this stage.

At this juncture, the Court cannot determine from the face of the Complaint that Plaintiff falls within the scope of the learned professional exemption. As such, this Court cannot conclude that this affirmative defense presents an insuperable barrier to recovery by Plaintiff. Moreover, given that the exemptions to the FLSA are to be narrowly construed against employers, see Pignataro, 593 F.3d at 268, Defendants have failed to demonstrate that the learned professional exemption applies to justify dismissal of the Complaint at this early stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss the Complaint. An appropriate Order will be filed.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: August 14, 2019